UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESKIN KUHN, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. 5:09CV1202 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | |
| AIG NATIONAL INSURANCE COMPANY, INC., et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANT. | ) ) | |

Before the Court is the motion of all defendants to dismiss plaintiff's class action complaint pursuant to Fed. R. Civ. P. 12(b)(5)[1] and (b)(6). (Doc. No. 16.) Plaintiff has filed a memorandum in opposition (Doc. No. 19) and defendants filed a reply (Doc. No. 21). The matter is ripe for determination. For the reasons set forth below, defendants' motion is **GRANTED IN PART**.

**I. BACKGROUND**

On April 21, 2009, plaintiff Eskin Kuhn ("Kuhn") filed a complaint in the Stark County Court of Common Pleas on behalf of himself and similarly situated individuals against defendants AIG National Insurance Company, Inc., AIG Casualty Company, AIG Centennial Insurance Company, AIG Premier Insurance Company, 21st Century Insurance Company, AIU

---

[1] In their reply brief, the defendants concede that any argument under Rule 12(b)(5) is now moot because service has been properly perfected. (Doc. No. 21, n.1.)

1

Insurance Company, The Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Pittsburgh, PA, and American Home Assurance Company (collectively, "defendants").

On May 26, 2009, the defendants removed the action to this Court asserting that defendant AIG Premier Insurance Company was served on April 27, 2009 and that "[n]o defendant was properly served prior to April 27, 2009." (Doc. No. 1 at ¶ 14.) The defendants assert jurisdiction under 28 U.S.C. § 1332(d)(2)(A), alleging that all requirements of the statute have been met.[2] Plaintiff has not challenged the removal.

The complaint sets forth four causes of action against the defendants: (1) breach of contract; (2) bad faith; (3) fraud; and (4) punitive damages. It alleges that Kuhn is representative of three distinct classes of plaintiffs, all Ohio residents, who, in the last ten years, have purchased and/or been insured under defendants' policies of automobile insurance coverage purporting to include medical payments coverage (Class I); or who, in the last ten years, have become entitled to medical payments coverage under policies of automobile insurance coverage purchased from the defendants (Class II); or who, during the pendency of this action, will purchase and/or become insured under defendants' policies of automobile insurance coverage purporting to include medical payments coverage and/or will become entitled to medical payments under such policies (Class III). (Complaint, ¶¶ 30, 31, 32.)

Plaintiff alleges that, on or about December 4, 2008, he purchased an "Ohio Personal Automobile Policy" ("the Policy") from one or all of the defendants, which included medical payments coverage. (Compl. ¶ 13-14.) Under the terms of the Policy, plaintiff alleges

---

[2] Section 1332(d)(2)(A) provides: "(2) the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"

that defendants were obligated to pay "up to the coverage limits, for medical expenses incurred in the treatment of injuries that [he] suffered in automobile crashes." (Compl. ¶ 14.)

On December 21, 2008, plaintiff sustained injuries in an automobile accident and received "reasonable and necessary medical treatment[.]" (Compl. ¶ 16.) He subsequently submitted copies of his medical bills "to Defendants for payment" but, in alleged breach of the policy, "Defendants" have "refused to make full medical payments on Plaintiff Kuhn's behalf[.]" (Compl. ¶¶ 17, 19.)

A copy of the Policy is attached as Exhibit A to the complaint. The named insurer is defendant 21st Century.[3] Accompanying the Policy is a "Personal Auto Policy Declaration" ("the Declaration") indicating that Kuhn is the "named insured." The Declaration bears a logo of "AIG, American International Companies" which is identified as "Insurance Provided by Members of American International Group, Inc."

## II. DISCUSSION

### A. Standard on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). In other

---

[3] The policy bears the header of "21st Century Insurance Company" and it defines all uses in the policy of "we," "us," "our," and "Company" as "the 21st Century Insurance Company." It further defines uses of "you" and "your" as "the insured named in the declarations and, if the insured named is one person, the spouse if a resident of the same household." (Compl. Ex. A, p. 3.)

words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

**B. Analysis**

    **1. Failure to State a Claim**

Plaintiff asserts all of his claims against all "the defendants." However, nowhere in the complaint are there any allegations which would tie these various defendants to one another, much less to the plaintiff. In a conclusory fashion, he alleges that the policy of insurance attached to the complaint as Exhibit A was purchased "from Defendant(s) AIG Insurance and/or AIG Casualty and/or AIG Centennial and/or AIG Premier and/or 21st Century and/or AIU and/or Insurance Company of Pennsylvania and/or National Union and/or American Home [...]." (Compl. ¶ 13.) He makes this allegation notwithstanding the clear fact that the Policy was issued solely by defendant 21st Century. *See*, note 3, *supra*.

In his opposition to the motion, plaintiff argues that "[u]ntil discovery proceeds in this case, it is premature to dismiss these defendants[ ]" (Opposition at 4) because the

Declaration accompanying the Policy was "issued on paper bearing the AIG logo and proclaiming, "American International Companies, insurance provided by Members of American International Group, Inc." (*Id.*). Further, he asserts that "the other Defendants named in the complaint are listed by 21st Century on its website as a 'listing of the companies used to write auto insurance direct to the consumer by the AIG Companies' in the State of Ohio." (*Id.*). Plaintiff claims that he named all these defendants "because Defendant 21st Century advertised those entities as its underwriting partners and the declarations page referred to them as 'members' of the issuing company." (*Id.*). Although admitting that he "has not yet had the opportunity to determine the connection that each Defendant may or may not have to the allegations in the Complaint[,]" plaintiff argues that "[a]t this point, all that [he] knows is that Defendant 21st Century partners with the other defendants in its business practices." (*Id.* at 5.) There is, however, *no* such allegation in his complaint and the defendants other than 21st Century would have no way of knowing from his complaint exactly why he has named them as defendants other than, perhaps, his mere speculation that these defendants are issuing policies that seem to injure the various "class" members in the same way that he alleges his 21st Century policy injures him.

In his opposition brief, plaintiff also relies upon the Corporate Disclosure Statement filed by 21st Century in response to a requirement of Local Rule 3.13(b), wherein that defendant indicated it is "an indirect wholly owned subsidiary of American International Group, Inc." (Doc. No. 7.) He asserts that this may give him the right to "pierce the corporate veil" and hold parent companies liable for the acts of a subsidiary. The problem is that none of these matters are alleged in the complaint such that the various defendants would be on notice that plaintiff considers this an aspect of his claims.

5

As pointed out above, *see*, note 3, the Policy clearly identifies 21st Century as the insurer and plaintiff as the named insured. The Policy is signed only by the Secretary and President of 21st Century, not by anyone representing any of the other defendants. It is axiomatic that to sue on the Policy, there must be privity of contract. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 460 (6th Cir. 1999) ("courts cannot bind a non-party to a contract, because that party never agreed to the terms set forth therein"). Plaintiff's complaint shows no privity between him and any of the defendants other than 21st Century.

There is clearly no reason beyond mere speculation for plaintiff to have named any defendant but 21st Century. Therefore, all of his claims against all but 21st Century must be dismissed under the standards of *Twombly* and *Iqbal* for failure to state a claim upon which relief can be granted.[4]

**2. Class Allegations**

Although it is arguably possible that there are other persons who purchased the same or similar policy of insurance from 21st Century as plaintiff did, it is clear from the complaint that the class allegations (Compl. ¶¶ 21-41) are dependent upon the inclusion of all of the defendants, not just 21st Century. Absent the other defendants, it is highly unlikely, and entirely speculative, that the requirements of Rule 23 could be met to establish the existence of a class for plaintiff to represent.

---

[4] Although defendant 21st Century originally argued that service of process was insufficient and the complaint should be dismissed against it on that ground, in its reply brief it conceded service and the mootness of this argument. Therefore, the Court need not address this argument.

Therefore, to the extent the complaint purports to be a class action, those allegations are dismissed without prejudice and this case will proceed only as claims of a single plaintiff against a single defendant.

### 3. Jurisdiction

This case was removed by the defendants on the strength of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)(A). Obviously, that statute has no applicability in light of the Court's rulings above.

However, the notice of removal alleges that plaintiff is a citizen of Ohio and 21st Century is a citizen of California with its principal place of business in California. (Doc. No. 1, ¶¶ 2, 7.) Therefore, there is diversity of citizenship which could form the basis of this Court's jurisdiction. However, now that all of the class allegations against the various defendants are dismissed, the only way that this case survives here on the basis of diversity juridiction is if the requisite amount in controversy is satisfied. Unfortunately, plaintiff's complaint contains no allegations as to jurisdictional amount and it cannot be assumed that he can satisfy the $75,000 amount in controversy.

Accordingly, there being no showing that there is diversity jurisdiction, plaintiff's claims against defendant 21st Century must be remanded to the Stark County Court of Common Pleas.

### III. CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss (Doc. No. 16) is **GRANTED IN PART**. All defendants except 21st Century are dismissed because the

complaint fails to state a claim upon which relief could be granted against them. Further, all class allegations in the complaint are dismissed without prejudice. Plaintiff's individual claims against defendant 21st Century are **REMANDED** to the Stark County Court of Common Pleas because of failure to establish the jurisdictional amount for diversity jurisdiction.[5]

       **IT IS SO ORDERED**.

Dated: December 31, 2009

                                               **HONORABLE SARA LIOI**
                                               **UNITED STATES DISTRICT JUDGE**

---

[5] Because the Court is remanding this matter for lack of jurisdiction, it declines to rule on the issue of whether fraud, bad faith and, in turn, punitive damages, are sufficiently pled in the complaint to withstand a motion to dismiss.